UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MILLICENT K. LEOW, | Case No. 2:15-cv-00916-RSM-KLS |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | Noted for March 4, 2016 |
| Defendant. | |

Plaintiff has brought this matter for judicial review of defendant's denial of plaintiff's applications for disability insurance and supplemental security income (SSI) benefits. This matter has been referred to the undersigned Magistrate Judge. *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4). After reviewing the parties' briefs and the remaining record, the undersigned recommends that for the reasons set forth below the Court reverse defendant's decision to deny benefits and remand this matter for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

On June 2, 2009, plaintiff filed an application for disability insurance benefits, alleging disability beginning April 24, 2009. Dkt. 9, Administrative Record (AR), 140. That application was denied on initial administrative review on September 25, 2009, and on reconsideration on January 7, 2010. *Id.* On December 20, 2010, plaintiff, represented by counsel, appeared at a hearing held before an Administrative Law Judge (ALJ) and testified, as did a vocational expert.

REPORT AND RECOMMENDATION - 1

AR 32-62. In a decision dated January 24, 2011, that ALJ determined plaintiff to be not disabled. AR 140-150. Plaintiff filed a request for review of the ALJ's decision with the Appeals Council, but because she later withdrew that request the Appeals Council dismissed it, making the ALJ's decision the final decision of the Commissioner. AR 152-53; 20 C.F.R. § 404.981.

On August 31, 2011, plaintiff filed another application for disability insurance benefits and on September 5, 2011, she filed an application for SSI benefits, again alleging in both applications that she became disabled beginning April 24, 2009. AR 18. Both applications were denied on initial administrative review on January 27, 2012, and on reconsideration on October 31, 2012. *Id.* On June 27, 2013, plaintiff, represented by counsel, appeared at a hearing held before a different ALJ and testified, as did a different vocational expert. AR 63-136.

In a decision dated July 26, 2013, the second ALJ determined plaintiff to be not disabled as well. AR 18-26. On April 21, 2015, the Appeals Council denied plaintiff's request for review of the ALJ's decision, making that decision the final decision of the Commissioner. AR 1; 20 C.F.R. § 404.981, § 416.1481. On June 15, 2015, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. Dkt. 3. The administrative record was filed with the Court on September 8, 2015. Dkt. 9. The parties have completed their briefing, and thus this matter is now ripe for the Court's review.

Plaintiff argues defendant's decision to deny benefits should be reversed and remanded for an award of benefits, or in the alternative for further administrative proceedings, because the ALJ erred: (1) in finding she did not have a medically determinable hand impairment; (2) in evaluating the opinion of her treating physician, Oliver Stalsbroten, M.D.; (3) in discounting her credibility; (4) in assessing her residual functional capacity (RFC); and (5) in finding her to be capable of performing her past relevant work. For the reasons set forth below, the undersigned

REPORT AND RECOMMENDATION - 2

agrees that the ALJ erred in evaluating Dr. Stalbroten's opinion, and thus in assessing plaintiff's RFC and in finding her to be capable of performing her past relevant work. Also for the reasons set forth below, however, the undersigned recommends the Court reverse defendant's decision to deny benefits and remand this matter for further administrative proceedings.

DISCUSSION

The determination of the Commissioner that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting

REPORT AND RECOMMENDATION - 3

*Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

I.   <u>The ALJ's Evaluation of Dr. Stalsbroten's Opinion</u>

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r of the Social Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755, (9th Cir. 1989).

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

REPORT AND RECOMMENDATION - 4

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Comm'r of Social Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Tonapetyan*, 242 F.3d at 1149; *Lester*, 81 F.3d at 830-31.

With respect to the opinion evidence from Dr. Stalsbroten, the ALJ found:

> A medical source statement by Oliver Stalsbroten, MD dated June 24, 2013 limited the claimant to sitting, standing, and walking for about 4 hours in an 8 hour day, and she must be able to shift at will and get up and walk round [sic] every hour for a ten-minute period. Dr. Stalsbroten opined that she would require four to five unscheduled breaks of ten minutes throughout the day. He opined that the claimant could occasionally lift less than 10 pounds and rarely

REPORT AND RECOMMENDATION - 5

>lift more than 10 pounds. She can occasionally twist and climb stairs, rarely stoop and crouch/squat. She could never climb ladders. He also opined that she had significant limitations in reaching, handling and fingering objects, and would be off task 20% of the time. She [sic] opined that she was capable of low stress work and would miss four days a month due to symptoms (Ex. B19F). Dr. Stalsbroten's opinion is granted some weight as to the claimant's sit/stand/walk restrictions which are reasonable due to her obesity and pain; however his further restrictions are inconsistent with the medical evidence of record. While the claimant does have left shoulder limitations as delineated in the RFC, D[r]. Stalsbroten has effectively limited to [sic] her no activity with both arms but does not adequately cite any objective findings in assessing such limits. On the whole, the claimant's admitted role as mother and caregiver would naturally require her to perform activities Dr. Stalsbroten has precluded. She testified at the hearing to performing a wide range of daily activities; indeed she told Dr. [Deborah] von Bolschwing that she was fully independent in her daily activities.

AR 24-25. Plaintiff argues these are not sufficient reasons for rejecting Dr. Stalbroten's opinion. The undersigned agrees.

Plaintiff first asserts the ALJ fails to explain why some weight was given Dr. Stalbroten's sit/stand/walk restrictions due to her obesity and pain, when the only severe impairment the ALJ found concerned her left shoulder. But the ALJ specifically found plaintiff's obesity was a severe impairment as well (AR 20-21), and pain – while perhaps not a distinct impairment – clearly can be attributed to plaintiff's shoulder condition. Thus, there was no error here. Plaintiff also finds fault with the ALJ's statement that Dr. Stalsbroten "effectively limited [her to] no activity with both arms." AR 25. Although this description of Dr. Stalbroten's findings may be as defendant notes somewhat hyperbolic, that characterization by itself is an insufficient basis for overturning the ALJ's findings here.

The undersigned does agree with plaintiff, however, that the ALJ erred in rejecting the further restrictions Dr. Stalbroten assessed on the basis that Dr. Stalbroten did not adequately cite any objective findings in support thereof and that those restrictions are inconsistent with the medical evidence of record. On the medical source statement he completed, Dr. Stalbroten listed

REPORT AND RECOMMENDATION - 6

"restricted range of motion of her shoulder [and] back" under the section on the medical source statement he completed for identifying "the clinical findings and objective signs." AR 980. Later in his medical source statement, Dr. Stalbroten checked a box answering "Yes" to the question of whether plaintiff's impairments "as demonstrated by signs, clinical findings and laboratory or test results [are] *reasonably consistent* with the symptoms and functional limitations described in this evaluation." AR 983 (emphasis in original). The ALJ does not explain why these findings by Dr. Stalbroten do not constitute adequate citation.

Dr. Stalbroten's treatment notes, furthermore, though limited do contain clinical findings revealing not only restricted range of motion, but also pain and decreased strength. AR 932, 942. In addition, as plaintiff points out physical therapy progress notes in the record indicate issues with both grip strength and range of motion as well. AR 986-92, 994-97, 1005. Defendant argues there is no evidence that Dr. Stalbroten actually reviewed the physical therapy notes or relied on them in completing the medical source statement. While perhaps technically true, Dr. Stalbroten clearly was aware that plaintiff underwent physical therapy (AR 980). In addition, those notes are part of the medical record the ALJ specifically found to be inconsistent with Dr. Stalbroten's opinion, but which as just noted instead provide support therefor. Other portions of the medical record contain clinical findings that reveal the presence of restricted range of motion, pain and reduced strength over time despite surgical intervention, providing additional support for that opinion. AR 581, 584, 587-88, 603, 605, 609, 677, 681-83, 790.

The undersigned also agrees with plaintiff that the ALJ erred in rejecting Dr. Stalbroten's opinion on the basis that her daily activities are inconsistent therewith. This is because the record fails to show that there necessarily is a contradiction between the activities she engages in, and the extent to which she engages in them – including in her role as mother and caregiver – and the

REPORT AND RECOMMENDATION - 7

specific functional limitations Dr. Stalbroten assessed. AR 72-74, 76-80, 82, 119, 395-98, 400, 416-20, 423, 429, 729. Accordingly, the ALJ erred in rejecting the more restrictive functional limitations Dr. Stalbroten assessed.

II.     The ALJ's Assessment of Plaintiff's Residual Functional Capacity

If a disability determination "cannot be made on the basis of medical factors alone at step three of the evaluation process," the ALJ must identify the claimant's "functional limitations and restrictions" and assess his or her "remaining capacities for work-related activities." Social Security Ruling (SSR) 96-8p, 1996 WL 374184 *2. A claimant's RFC assessment is used at step four to determine whether he or she can do his or her past relevant work, and at step five to determine whether he or she can do other work. *See id.* It thus is what the claimant "can still do despite his or her limitations." *Id.*

A claimant's RFC is the maximum amount of work the claimant is able to perform based on all of the relevant evidence in the record. *See id.* However, an inability to work must result from the claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical or other evidence." *Id.* at *7.

The ALJ found plaintiff had the RFC:

> **to perform light work . . . except she can occasionally lift and carry up to 15 pounds and frequently lift and carry up to 10 pounds frequently. She can stand and walk for 4 hours in an 8 hour day and sit for 4 hours in an 8 hour day. The claimant is capable of frequently lifting her left arm to shoulder level, and occasionally lifting her arm above shoulder level.**

AR 22 (emphasis in original). But because as discussed above the ALJ erred in evaluating Dr.

REPORT AND RECOMMENDATION - 8

Stalbroten's opinion, it is far from clear whether this RFC assessment completely and accurately describes all of plaintiff's limitations, and thus it cannot be said that the ALJ's RFC assessment is supported by substantial evidence or free of error.

III.     The ALJ's Step Four Determination

At step four of the sequential disability evaluation process, the ALJ found plaintiff to be capable of performing her past relevant work as both a small products assembler and an administrative clerk. AR 25. Plaintiff has the burden at step four of showing that she is unable to return to his or her past relevant work. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999). She met that burden here as again given the ALJ's errors in evaluating Dr. Stalbroten's opinion and in assessing her RFC, it is far from clear that she would be capable of performing either job. As such, the ALJ erred here as well.

IV.     This Matter Should be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

REPORT AND RECOMMENDATION - 9

(1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002). Because issues still remain in regard to the medical evidence in the record, plaintiff's RFC and her ability to perform her past relevant work, remand for further consideration of those issues is warranted.

Plaintiff argues that based on the limitations Dr. Stalbroten assessed, this matter should be remanded for an award of benefits. It is true that where the ALJ has failed "to provide adequate reasons for rejecting the opinion of a treating or examining physician," that opinion generally is credited "as a matter of law." *Lester*, 81 F.3d at 834 (citation omitted). However, where the ALJ is not required to find the claimant disabled on the crediting of evidence, this constitutes an outstanding issue that must be resolved, and the *Smolen* test will not be met. *Bunnell v. Barnhart*, 336 F.3d 1112, 1116 (9th Cir. 2003). Here, it is far from clear that given the medical and other evidence in the record overall, the ALJ would be required to adopt the limitations Dr. Stalbroten assessed or find plaintiff disabled based on those limitations. As such, the undersigned declines to apply the credit as true rule in this case.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court find the ALJ improperly concluded plaintiff was not disabled, and that it reverse defendant's decision to deny benefits and remand this matter for further administrative proceedings in accordance with the findings herein.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure (Fed. R. Civ. P.)

72(b), the parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed set this matter for consideration on **March 4, 2016**, as noted in the caption.

DATED this 12th day of February, 2016.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 11